# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ELEPRENEURS HOLDINGS, LLC, d/b/a ELEPRENEUR, LLC and ELEPRENEURS U.S., LLC d/b/a ELEPRENEURS, LLC § § § § *Plaintiffs*, § § v. § § LORI ANN BENSON, ANDREA § ALTHAUS, and LINDSEY BUBOLTZ § § *Defendants.* § § | | CIVIL ACTION NO. 4:21-CV-00026 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Emergency Motion for an Extension of the Temporary Restraining Order (Dkt. #3). Having considered the motion and the relevant pleadings, the Court finds that Plaintiffs' motion should be **GRANTED**.

## BACKGROUND

This case arises out of the business relationship between Plaintiffs and Defendants. Plaintiff Elepreneurs U.S. sells and markets "various health, wellness and happiness products and services through a direct sales community of independent contractors" (Dkt. #2 at p. 5). Elepreneurs U.S. utilizes a network of Distributors to "create[] an up-line and down-line organizational structure whereby successful Distributors[1] can develop substantial 'down-line' Distributor networks totaling hundreds of other individuals" (Dkt. #2 at pp. 5–6).

---

[1] The Distributors are responsible for "market[ing] and sell[ing] a variety of health, wellness and happiness products distributed exclusively under the 'Elevacity' trade name" and "recruit[ing] additional individuals into the Elepreneurs Distributor system to further promote and sell products and services to an increasing network of customers and other Distributors" (Dkt. #2 at p. 5).

In 2018, Plaintiffs entered into business agreements with each Defendant, whereby the Defendants would serve as independent contractors for Plaintiffs. Defendants remained in their respective positions until December 15, 2020, when each resigned as a Distributor.

Plaintiffs originally filed this case in the 429th Judicial District Court of Collin County, Texas. On December 31, 2020, that court entered a Temporary Restraining Order and Notice of Hearing on Plaintiffs' Application for Temporary Injunction (Dkt. #1, Exhibit 4 at pp. 68–80). The court set a hearing for January 14, 2021 (Dkt. #1, Exhibit 4 at p. 80). On January 13, 2021, Defendants removed the case to the Eastern District of Texas, Sherman Division (Dkt. #1). On January 14, 2021, Plaintiffs filed the present motion seeking an extension of the state court's temporary restraining order (Dkt. #3).

## ANALYSIS

The Court must first determine whether, due to Defendants' removal of the state court action after the issuance of an *ex parte* temporary restraining order, Plaintiffs' request for a fourteen-day extension is actually a request for a federal court-issued temporary restraining order in the first instance. After considering the interplay between Federal Rule of Civil Procedure 65 and 28 U.S.C. § 1450, the Court finds that Plaintiffs' motion for an extension of the *ex parte* temporary restraining order is just that: a request for an extension.

Section 1450 states that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. "Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 U.S. 423, 435 (1974). To promote efficiency and ensure that

"interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal," "injunctions[] and other orders . . . obtained in state court all remain effective after the case is removed to federal court." *Id.* at 436. Upon removal, the injunction became governed by Rule 65 and the time limits prescribed therein. *See Id.* at 438 (noting that respondent "had a right to the protections of the time limitation in Rule 65(b) once the case was removed to the District Court"). Ultimately, the relationship between § 1450 and Rule 65 has been narrowed to one simple proposition: "[a]n *ex parte* temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *Id.* at 339–40. In the present case, the state court-issued temporary restraining order was set to expire on January 14, 2021. Because the temporary restraining order cannot remain in effect any longer than it would have remained in effect under state law, the Court addresses Plaintiffs' motion as one seeking the one-time fourteen-day extension allowed under Rule 65(b)(2).

Rule 65(b) allows a Court to extend the temporary restraining order once for a total of fourteen days. FED. R. CIV. P. 65(b)(2). The extension is contingent, however, on the Court finding good cause. *Id.* The Court finds that good cause exists in this case to extend the temporary restraining order. Plaintiffs have shown that a hearing was approaching on their motion for preliminary injunction in state court, and Defendants removed the case one day before the hearing occurred. After consideration of the state court-issued temporary restraining order, the Court is convinced that Plaintiffs are entitled to the protections afforded by the order, and that the removal by Defendants should not deprive them of such before a hearing can be held. Further, Plaintiffs have shown that they need more time to pursue their motion for a preliminary injunction in this

Court. The Court also finds that an extension of the temporary restraining order is warranted because Defendants do not appear to have been harmed by the grant of the present temporary restraining order.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Emergency Motion for an Extension of the Temporary Restraining Order (Dkt. #3) is hereby **GRANTED**.

Accordingly, it is **ORDERED** that the existing temporary restraining order shall remain in full force and effect through the earlier of (a) the filing of Plaintiff's request for preliminary injunction and completion of the hearing thereon, or (b) the expiration of the fourteenth (14th) day following issuance of this Order.

**IT IS SO ORDERED**.

**SIGNED this 14th day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE