# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ELEPRENEURS HOLDINGS, LLC, d/b/a § <br> ELEPRENEUR, LLC and ELEPRENEURS § <br> U.S., LLC d/b/a ELEPRENEURS, LLC § <br> § <br> *Plaintiffs* § <br> § <br> v. § <br> § <br> LORI ANN BENSON, ANDREA § <br> ALTHAUS, and LINDSEY BUBOLTZ, § <br> § <br> *Defendants* § <br> § | Civil Action No. 4:21-CV-00026 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Emergency Motion to Clarify or Modify or Dissolve Preliminary Injunction (Dkt. #23). Having considered the motion and the relevant pleadings, the Court finds the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

This case is about a severed business relationship between Elepreneur, LLC and three former employees accused of breaching their contracts. Plaintiffs sell and market "various health, wellness and happiness products and services through a direct sales community of independent contractors" (Dkt. #2 at p. 5). Plaintiffs utilize a network of Distributors to "create[] an up-line and down-line organizational structure whereby successful Distributors[1] can develop substantial 'down-line' Distributor networks totaling hundreds of other individuals" (Dkt. #2 at pp. 5–6).

---

[1] The Distributors are responsible for "market[ing] and sell[ing] a variety of health, wellness and happiness products distributed exclusively under the 'Elevacity' trade name" and "recruit[ing] additional individuals into the Elepreneurs Distributor system to further promote and sell products and services to an increasing network of customers and other Distributors" (Dkt. #2 at p. 5).

Lori Ann Benson ("Benson") , Andrea Franzeen f/k/a Andrea Althaus ("Franzeen"), and Lindsey Buboltz ("Buboltz") are three former employees of Plaintiffs. In 2018, Plaintiffs entered into a business agreement with each Defendant. whereby the Defendants would serve as independent contractors for Plaintiffs. Defendants remained in their respective positions until they resigned on December 15, 2020. Plaintiffs allege, following their resignations, Defendants breached their contracts.

On January 14, 2021, the Court extended the temporary restraining order entered by the state court.[2] On January 21, 2021, Plaintiffs filed a motion for a preliminary injunction (Dkt. #7). On February 5, 2021, the Court entered a limited preliminary injunction as to Lori Benson and Andrea Franzeen (Dkt. #22). The scope of the preliminary injunction specified:

> As analyzed above, the Court has determined that a narrow preliminary injunction should be issued as to Benson and [Franzeen]. The Court is confident that enjoining Benson from soliciting, inducing, hiring or attempting to solicit, induce, or hire any Distributor, employee, customer, supplier, or vendor of Elepreneurs in violation of the Elepreneurs Agreement until after May 15, 2021, will ensure Plaintiffs do not suffer irreparable harm until a trial on the merits is held. Additionally, enjoining Althaus from revealing or disseminating the intellectual property, proprietary information, trade secrets, and/or Confidential Information of Elepreneurs will also suffice to ensure Plaintiffs do not suffer irreparable harm until a trial on the merits is held.

(Dkt. #22 at p. 16).

On February 11, 2021, Defendants Lori Benson and Andrea Franzeen moved to clarify the scope of the preliminary injunction (Dkt. #23). On February 18, 2021, Plaintiffs responded (Dkt. #26). On February 18, 2021, Defendants replied (Dkt. #27). On February 19, 2021, Plaintiffs sur-replied (Dkt. #29).

---

[2] The case was originally filed in state court. The state court entered an *ex parte* temporary restraining order against Defendants. The day before the hearing occurred, Defendants removed the case to this Court.

**ANALYSIS**

Defendants ask the Court to clarify, modify, or dissolve the preliminary injunction over Benson and Franzeen.  With respect to Benson, Defendants ask the Court to clarify that the injunction does not prevent her from responding to, sponsoring, or enrolling any Distributor she did not actively solicit.  With respect to Franzeen, Defendants ask the Court to clarify that she is not required to turn over the Distributors List (the "List") if it is not in her possession.  Because the List is not in her possession, Defendants ask the Court to dissolve the requirement entirely.  In the alternative, Defendants ask the Court to allow an expedited deposition of Michael Hassett ("Hassett"), who claims to have knowledge of Franzeen's possession of the list.

Plaintiffs argue the preliminary injunction does not need clarification.  With respect to Benson, Plaintiffs assert the injunction prohibits her from sponsoring or enrolling any Distributor from Elepreneurs, even if she did not initiate contact.  With respect to Franzeen, Plaintiffs agree she cannot produce the List if it is not in her possession, but this requirement should not be dissolved in case she discovers it later.

The Court finds the preliminary injunction is clear.  Benson is enjoined from responding to, sponsoring, or enrolling any Distributor who she actively solicited after leaving Elepreneurs.  Franzeen is required to produce the Distributor List if it is in her possession, but is not required to produce something that she does not have.

**I.   Benson**

First, Defendants ask the Court to clarify who Benson may contact under the preliminary injunction.  Defendants argue the injunction prevents Benson from actively soliciting, inducing, hiring, sponsoring, or enrolling current employees at Elepreneurs, but does not prevent her from speaking with employees who reach out to her unsolicited.  Plaintiff disagrees, arguing Benson is

prohibited from soliciting, inducing, hiring, sponsoring, or enrolling any employee of Elepreneurs, even if such action is in response to an unsolicited inquiry.

The Court clarifies Benson is enjoined from soliciting, inducing, hiring, sponsoring, or enrolling any employee of Elepreneurs who she actively contacts or actively contacted following her departure from Elepreneurs. The purpose of the injunction guides the scope of Benson's conduct: the injunction is designed to prevent Benson from poaching Elepreneurs' employees to join her new company, not chill her business entirely. The injunction does not prevent interested employees from learning about her company, but rather prevents Benson from causing future harm to Plaintiffs. Plaintiffs allege a breach of contract, which the injunction seeks to mitigate while the issue is developed in discovery.

Benson is enjoined from actively seeking out new employees from Elepreneurs or benefiting from her alleged previous acts of soliciting these employees. Defendants contend Benson receives regular inquiries from individuals asking her about her business, "some" of whom explore the opportunity on their own without her contacting them first (Dkt. 23 at p. 7). If Benson previously solicited any of these employees, she is enjoined from speaking with them about her company or enrolling them in her company. The injunction is not so broad as to prohibit her from enrolling any Elepreneurs employee at all, which Plaintiffs suggest, but rather prevents her from profiting off her alleged breach of contract.

The parties spend a considerable amount of their briefing re-litigating the complaint and whether Benson agreed to the company's Policies and Procedures. But this motion is neither the time nor the place. The preliminary injunction exists because the Court found "Plaintiffs have made a *prima facie* showing that Benson did violate the terms of the Policy and Procedures by encouraging [Jessica] Sessums to take an opportunity at another company" (Dkt. #22 at p. 7).

4

Though the Court found Plaintiffs' evidence "far from clear," it was still sufficient to warrant a preliminary injunction (Dkt. #22 at p. 4). Benson argues she never agreed to a blanket prohibition on responding to inquiries about other sales or network marketing opportunities (Dkt. #23 at p. 7). But whether she "click-accepted" the Policies and Procedures when she signed her contract does not change that Plaintiffs met their burden in presenting a *prima facie* case for the injunction. Thus, modification or dissolution of the restrictions placed on Benson through the preliminary injunction is inappropriate.

## II.     Franzeen

Defendants ask the Court to clarify, modify, or dissolve the preliminary injunction with respect to Franzeen because she is not in possession of the List. Plaintiffs agree that Franzeen cannot produce the List if it does not exist, but disagree that this part of the injunction should be dissolved entirely.

The Court again finds the preliminary injunction is clear. If Franzeen has the List, she must produce it to Plaintiffs. If Franzeen does not have the List, there is nothing to produce.

Even if Franzeen does not have the List, this does not mean the requirement should be dissolved entirely. Plaintiffs presented a *prima facie* case evidencing the List exists and may be in Franzeen's possession. Specifically, Plaintiffs pleaded that a list of Elepreneurs Distributors does exist and that the company takes reasonable measures to keep it secret. Plaintiffs also submitted evidence regarding a phone conversation between Franzeen and Hassett, in which Hassett states that "Andrea [Frazeen] said she had a list of Elepreneurs distributors and customers and that she planned to contact them all" (Dkt. #16, Exhibit 2 at p. 2). The Court also found this list is a trade secret under the Elepreneurs Agreement and the Texas Uniform Trade Secrets Act (Dkt. #22 at pp. 11-12). Based on this conversation and trade secret designation, the Court

determined "use of the List taken by [Franzeen]. . . would irreparably harm Plaintiffs" (Dkt. #22). Because use of the List would irreparably harm Plaintiffs, the injunction is warranted.

This motion is an improper forum to re-litigate the credibility of the complaint. As the Court stated in its prior order, "[A]t the preliminary injunction stage, a plaintiff need not establish that a defendant actually misappropriated any trade secrets; the fact that a defendant is in a position to possibly use trade secrets is sufficient to warrant injunctive relief." *WorldVentures Mktg., LLC v. Rogers*, No. 4:18-cv-00498, 2018 WL 4169049, at *8 (E.D. Tex. Aug. 30, 2018). Based on the evidence presented in the complaint, the Court found "Plaintiffs have presented a *prima facie* case of . . . trade secret misappropriation against [Franzeen]" (Dkt. #22 at p. 13). If Defendant seeks to challenge the credibility of Hassett's declaration regarding Franzeen's phone call, they may depose him during discovery.

The Court points the parties to the Complaint and Employee Agreement for a particular description of the List to be produced. These documents collectively refer to an "Elepreneurs list" as a list of Distributors employed by the company. Plaintiffs suggest the List "may or may not be written down or in the memory of Defendant Franzeen." (Dkt 26 at p. 8). But the complaint suggests the List is a physical item the company takes reasonable measures to keep secret (Dkt. #7 at p. 7). Franzeen asserts that while she does not have Plaintiff's list of distributors, she does have the names and contact information of various employee who she befriended over the years. However, the injunction specifically denoted that Franzeen must turn over the List allegedly in her possession—not the names of friends she made over the years. The injunction is not designed to require Franzeen produce a list of "friends from high school and church, people she has known from her home town, nursing colleagues, and parents of children's friends." [Ex. A - Franzeen Dec. ¶ 5]. The injunction exists to prevent Franzeen from misappropriating a trade secret, which

Plaintiff alleges she stole when she left the company. If she has this List, she must produce it the Plaintiff. If she does not have this List, there is nothing to produce. After discovery, Franzeen may reassert a request to dissolve the preliminary injunction.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Emergency Motion to Clarify or Modify or Dissolve Preliminary Injunction (Dkt. #23) is hereby **GRANTED in part** and **DENIED in part**.

For clarification purposes only, Benson is enjoined from actively seeking out new employees from Elepreneurs or benefiting from her alleged previous acts of soliciting these employees. If Benson previously solicited any of Plaintiffs' employees, she is enjoined from speaking with them about her company or enrolling them in her company—regardless of who initiates the conversation.

Further, Franzeen is not obligated to produce any List not in her possession.

 **SIGNED this 25th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE